## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **DAVIES INNOVATIONS INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | NO.      **3:15-cv-00282** |
| | § | |
| **STURM, RUGER & COMPANY, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT STURM, RUGER & COMPANY, INC.'S ANSWER

Defendant Sturm, Ruger & Company, Inc. ("Ruger") hereby responds to the Complaint (the "Complaint") of Plaintiff Davies Innovations Inc. ("Davies").

### I.      THE PARTIES

1.      Ruger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, and on that basis denies the allegations contained in paragraph 1.

2.      Ruger admits the allegations contained in paragraph 2 of the Complaint.

### II.      JURISDICTION AND VENUE

3.      Ruger admits the allegations contained in paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required to paragraph 4 of the Complaint, Ruger admits only that it transacted business in the State of Texas, but denies the remaining allegations contained in paragraph 4 of the Complaint.

5.      Ruger admits only that it manufactures and/or assembles products that are placed in the stream of commerce, some of which, ultimately, are used, offered for sale, sold, and/or

purchased in the Southern District of Texas, but otherwise denies the allegations, including of infringement, contained in paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint states a legal conclusion to which no response is required.

### III.      PATENT INFRINGEMENT

7.      Ruger admits that the title of the '722 patent is "RIFLE," that the issue date on the face of the '722 Patent is as recited in paragraph 7, and that a copy of the '722 patent is attached to the complaint, but denies that the '722 Patent was duly and legally issued.  Ruger is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7, and on that basis, denies the remaining allegations contained in paragraph 7.

8.      The allegations contained in paragraph 8 of the Complaint attempt to characterize the '722 Patent, and the claims of the '722 patent define the invention.  Accordingly, Ruger denies the allegations of this paragraph and respectfully refers the Court to the '722 Patent for a complete statement of the claims and disclosures contained therein.

9.      Ruger is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies the allegations contained in paragraph 9.

10.      Ruger denies the allegations contained in paragraph 10 of the Complaint.

11.      Ruger admits only that a representative of the late Mr. Davies contacted it in July of 2011.  Ruger expressly denies any infringement of the '722 Patent and denies the remaining allegations contained in paragraph 11 of the Complaint.

12.      Ruger denies the allegations contained in paragraph 12 of the Complaint.

13.     Ruger denies the allegations contained in paragraph 13 of the Complaint.

14.     Ruger denies the allegations contained in paragraph 14 of the Complaint.

15.     This paragraph does not contain factual allegations requiring a response.  To the extent that a response is required to paragraph 15 of the Complaint, the allegations are denied.

16.     Ruger denies the allegations contained in paragraph 16 of the Complaint.

### IV.     JURY DEMAND

17.     This paragraph does not contain factual allegations requiring a response.

### V.     ANSWER TO PRAYER FOR RELIEF

Ruger denies that Davies is entitled to any of the relief requested in paragraphs (a) through (g) in the Prayer for Relief in the Complaint.

### AFFIRMATIVE DEFENSES

By calling the following defenses "affirmative defenses," Ruger does not undertake any additional burdens of proof otherwise properly placed on Davies.  Ruger specifically reserves the right to supplement or amend this answer to assert any and all affirmative defenses which may become available through information developed in discovery, at trial, or otherwise.

### FIRST AFFIRMATIVE DEFENSE

Ruger has not infringed and does not infringe any valid and enforceable claim of the '722 Patent, literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

The claims of the '722 Patent are invalid and unenforceable for failure to comply with one or more provisions of Title 35 of the United States Code.

## THIRD AFFIRMATIVE DEFENSE

By reason of the proceedings in the United States Patent and Trademark Office, and by reason of amendments, disclaimers, disavowals, admissions, representations, arguments and statements made by the patent applicant or on his behalf, Davies Innovations is estopped from construing the claims of the '722 patent to cover and/or include any Ruger accused product.

## FOURTH AFFIRMATIVE DEFENSE

Davies is barred under 35 U.S.C. § 288 from recovering costs in connection with this action.

## FIFTH AFFIRMATIVE DEFENSE

Davies is barred, in whole or in part, from recovering any damages under equitable doctrines, including laches, waiver, estoppel, and/or prosecution history estoppel.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ruger hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Sturm, Ruger & Company, Inc. denies that Davies Innovations Inc. is entitled to any of the relief demanded in paragraphs (a) through (g) of its Prayer for Relief in the Complaint and requests that this Court enter judgment:

(a) Finding, declaring, and adjudging in favor of Sturm, Ruger & Company, Inc. and against Davies Innovations Inc. and dismissing with prejudice all claims of Davies Innovations Inc. against Sturm, Ruger & Company, Inc.;

(b) Finding, declaring, and adjudging that the '722 Patent is invalid, and that Sturm, Ruger & Company, Inc. has not infringed any valid claim of the '722 Patent;

(c) Finding, declaring, and adjudging this to be an exceptional case under 35

U.S.C. § 285, and awarding to Sturm, Ruger & Company, Inc. its costs (including expert fees),

disbursements, and reasonable attorneys' fees incurred in this action; and

(d) Granting such other and further relief as this Court may deem just and proper.

DATED:  December 14, 2015                    SILLS CUMMIS & GROSS P.C.


By:    s/ *Scott D. Stimpson*_____
      Scott D. Stimpson, admitted *pro hac vice*
      101 Park Avenue, 28th Floor
      New York, New York 10178
      New York State Bar No. 2361012
      Tel. (212) 643-7000
      Fax (212) 643-6500
      sstimpson@sillscummis.com

      *Attorney-in-Charge for Defendant*
      *Sturm, Ruger & Company, Inc.*


OF COUNSEL:

Michael J. Pisko, admitted *pro hac vice*
SILLS CUMMIS & GROSS P.C.
101 Park Avenue, 28th Floor
New York, New York 10178
Tel. (212) 643-7000
Fax (212) 643-6500
mpisko@sillscummis.com

Elizabeth B. Kamin
Michelle Brockway
STRASBURGER & PRICE, LLP
909 Fannin Street, Suite 2300
Houston, TX 77010
Tel. (713) 951-5600
Fax (832) 397-3543
betsy.kamin@strasburger.com
michelle.brockway@strasburger.com

*Attorneys for Defendant*
*Sturm, Ruger & Company, Inc.*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 14th day of December, 2015 filed the foregoing Answer with the Clerk of Court using the CM/ECF system, which will cause a copy to be electronically served upon all counsel of record.

s/ *Scott D. Stimpson*
Scott D. Stimpson